**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000408
18-JUN-2013
08:28 AM**

NO. CAAP-12-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JILLIAN MAY PAYNE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-04393)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Jillian May Payne (Appellant Payne) appeals from the Order and Notice of Entry of Order (Order) entered by the District Court of the First Circuit (district court)[1] on March 21, 2012, convicting her of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1).

In this appeal, Appellant Payne asserts that her conviction must be vacated and the case dismissed because the complaint against her failed to allege a *mens rea*, as required under State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012).

---

[1] The Honorable Lono J. Lee presided.

Appellee State of Hawai'i (Appellee State) acknowledges that the OVUII charge regarding HRS § 291E-61(a)(1) was deficient for failing to allege the requisite *mens rea*.[2] Appellee State contends the appropriate remedy is to remand the case to the district court with instructions to dismiss the OVUII charge without prejudice. Appellant Payne does not appear to contest that dismissal should be without prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, and considering the relevant legal authorities, we resolve Appellant Payne's point of error as follows:

The OVUII charge alleging a violation of HRS § 291E-61(a)(1) was insufficient for failing to allege a *mens rea*. Nesmith, 127 Hawai'i at 53-58, 276 P.3d at 622-627. We agree with Appellee State that the appropriate remedy is to remand the case to the district court for dismissal without prejudice. State v. Gonzalez, 128 Hawai'i 314, 324, 288 P.3d 788, 798 (2012) ("Nesmith held that state of mind must be included in a charge or the case must be dismissed without prejudice."); State v. Castro, No. 30703, 2012 WL 3089722, at 1* n.3. (Haw. July 30, 2012) (SDO) ("Nesmith makes it clear that the remedy for the deficient HRS § 291E-61(a)(1) charges is dismissal without prejudice.")

Therefore,

---

[2] The parties do not dispute that although the complaint against Appellant Payne alleged violations of both HRS § 291E-61(a)(1) and (a)(3), Appellant Payne was only arraigned under HRS § 291E-61(a)(1). The district court found Appellant Payne guilty of violating only HRS § 291E-61(a)(1).

2

IT IS HEREBY ORDERED that the Order entered by the district court on March 21, 2012 is vacated, and this case is remanded to the district court with instructions to dismiss the HRS § 291E-61(a)(1) charge without prejudice.

DATED:  Honolulu, Hawai'i, June 18, 2013.

On the briefs:

Noah D. Fiddler
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge